UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIMOTHY REIF, ET AL.,

                Plaintiffs,

    - against -

REPUBLIC OF AUSTRIA, ET AL.,

                Defendants.

22-cv-10625 (JGK)

ORDER

---

JOHN G. KOELTL, District Judge:

    The Court received the attached correspondence, which the Court now forwards to the parties.

    The Clerk is directed to enter this Order in 22-cv-10625, 23-cv-346, 23-cv-2108, 23-cv-3009, and 23-cv-2443.

**SO ORDERED.**

Dated:    New York, New York
            May 5, 2023

                                              John G. Koeltl
                                         United States District Judge



Austrian
Embassy
Washington

Ref.no. Washington-OB/RECHT/0040/2023                                04/26/2023

United States District Court
Southern District of New York
500 Pearl Street
Pro Se Office
New York, NY 10007

**RE: Case No. 1:22-cv-10625-AT**

The Embassy herewith submits a copy of a Note Verbal, which was delivered to the U.S. Department of State on April 26, 2023, relating to Case No. 1:22-cv-10625-AT.

Your prompt attention in this matter is appreciated.

Sincerely yours,

Michaela Ebner

Counselor

Austrian Embassy Washington
3524 International Court, NW, Washington, DC, 20008 | tel. (202) 895-6700 | www.austria.org

Austrian
Embassy
Washington

## NoteVerbale

The Embassy of the Republic of Austria presents its compliments to the Department of State and – while submitting to the Department of State the enclosed original court documents regarding a lawsuit against the Albertina Museum (Case 1:22-cv-10625-AT) at the United States District Court in the Southern District of New York, filed by Mr. Timothy Reif et.al., who attempted to serve the enclosed court documents through an official request for service according to the 1965 Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters – has the honour to restate the following:

1. As a matter of international law, the Republic of Austria, like many other European civil law countries, maintains the view that the service of legal documents is a governmental act performed in the exercise of sovereign authority. As a consequence, in the absence of applicable international agreements or unilateral Austrian acts authorizing such service, Austria regards the direct service of foreign legal documents in her territory by foreign authorities, by private individuals or by mail without the assistance or explicit or implicit consent of the competent Austrian authorities as an infringement of her sovereignty.

2. Therefore, as a general rule, in the absence of applicable international agreements, in order to avoid defective service, service of foreign legal documents in Austria should be effected by letters rogatory through diplomatic channels, i.e. with the assistance of the U.S. State Department and the Austrian Federal Ministry for European and International Affairs, and in the manner prescribed by Austrian law for the service of such documents.

3. The Austrian Federal Law on the Service of Official Documents ("Zustellgesetz", BGBl. No. 200/1982, as amended) provides in Section 12, para. 1, that the service of legal documents of foreign authorities in Austria is to be effected in accordance with existing international agreements, and if no such agreements exist, in accordance with this Federal Law. A request to follow a certain differing procedure may only be complied with if such service is compatible with the fundamental values of the Austrian legal system.

4. According to Section 12, para. 2, of said Federal Law service of a foreign document in a foreign language, to which no German translation, and in judicial proceedings, no certified German translation is attached, shall only be permissible provided the recipient is willing to accept it; this may be presumed unless within three days as of the time of service the recipient declares to the Austrian authority which has served the document to refuse acceptance.

In such case the authority must record the fact that service of the document in the foreign language is to be regarded as not having been effected due to refusal of acceptance by the recipient. The presumption of acceptance does not work if the recipient is not informed that he or she may refuse the acceptance of a document to which no translation is attached. In case of mere postal service or personal delivery such information is not guaranteed and such service is thus not permitted.

5. On 8 September 2020, upon ratification of the 1965 Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, the Republic of Austria objected to the methods of service set out in Article 10 of the Convention that concern *inter alia* the sending of judicial documents directly to persons abroad by postal channels. In addition, the Republic of Austria made the following reservation:

> *"The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of 15 November 1965 shall not apply to the service of documents addressed to the Republic of Austria, including its political subdivisions, its authorities and persons acting on its behalf; such service shall be effected through diplomatic channels".*

6. Therefore, despite the fact that both the Republic of Austria and the United States of America are parties, the Convention does not apply to the service of documents addressed to the Republic of Austria or persons acting on its behalf, such as the Albertina Museum in the case at hand.

7. The Albertina Museum is a scientific public-law institution of the Republic of Austria established under the Austrian Law on Federal Museums (Federal Law Gazette I No. 14/2002, as amended). As a public-law institution, the Albertina Museum is a separate legal person which is owned by the Republic of Austria and acting as an organ on behalf of the Republic of Austria when carrying out its statutory mandate under the supervision of the Federal Ministry for Arts, Culture, Civil Service and Sport. For these reasons, the Albertina Museum is to be regarded as an agency or instrumentality of the Republic of Austria, as defined in § 1603 (b) of the Foreign Sovereign Immunities Act (FSIA).

8. In the absence of applicable international agreements, the service of foreign legal documents on a sovereign State, it State officials or on any person acting on its behalf has to be effected (by letters rogatory) through diplomatic channels to the Foreign Ministry of the State concerned, as is also stated in the Austrian reservation cited above. This rule of customary international law is reflected in Article 22 of the United Nations Convention on Jurisdictional Immunities of States and Their Property of 2004 and corroborated by the practice of numerous States as well as judicial decisions.

9. In the light of the above, the Republic of Austria reaffirms the principled position that the service of legal documents in judicial proceedings that is not effected in accordance with the above legal rules and procedures is to be considered contrary to and therefore null and void under Austrian as well as international law. The Republic of Austria kindly requests to make this position publicly

known in order to avoid similar cases of unlawful and thus defective service of process in her territory in the future.

10. Nothing in this Note Verbale may be construed as an explicit or implicit waiver of the sovereign immunity, which the Embassy, the Republic of Austria, its State officials and persons acting on its behalf enjoy under national and international law, nor as an explicit or implicit act of participation or defense pleading in any court proceedings.

The Embassy of the Republic of Austria avails itself of this opportunity to renew to the Department of State the assurances of its highest consideration.

Washington, D.C.
April 14, 2023



Ref.no. Washington-OB/RECHT/0040/2023

U.S. Department of State
Office of the Legal Adviser for
Diplomatic Law and Litigation