UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY REIF and DAVID FRAENKEL, as Co-Trustees of the LEON FISCHER TRUST FOR THE LIFE AND WORK OF FRITZ GRÜNBAUM and MILOS VAVRA,

*Plaintiffs,*

-against -

REPUBLIC OF AUSTRIA, a foreign state, and the ALBERTINA MUSEUM, an agency of the REPUBLIC OF AUSTRIA, and LEOPOLD MUSEUM PRIVATE FOUNDATION, a foundation owned and controlled by the REPUBLIC OF AUSTRIA,

*Defendants.*

Index No.: 22-cv-10625 (JGK)

**AFFIRMATION OF CLAUDIA G. JAFFE IN SUPPORT OF PLAINTIFFS' MOTION FOR ISSUANCE OF A LETTER REQUESTING INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)**

I, Claudia G. Jaffe, affirm under penalties of perjury as follows.

1. I am an attorney admitted to practice before the Courts of the State of New York and the Southern District of New York.

2. I am a partner in the law firm of Dunnington, Bartholow & Miller, LLP, attorneys for Plaintiffs Timothy Reif and David Fraenkel, as Co-Trustees of the Leon Fischer Trust For The Life And Work Of Fritz Grünbaum and Milos Vavra ("Plaintiffs" or the "Grünbaum Heirs").

3. I submit this affirmation in support of the Grünbaum Heirs' motion for execution and issuance of a Letter of Request for International Judicial Assistance (a Letter Rogatory) (the "Motion") to the appropriate judicial authorities in Austria seeking assistance to effect service of process upon defendant Albertina Museum, an agency or instrumentality of the Republic of Austria.

4. This motion is made pursuant to 28 U.S.C. 1608(b)(3)(A) and 22 C.F.R. § 92.54, consistent with legal authority under *Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp.2d 769 (S.D.N.Y. 2012), consistent with this Court's inherent authority, and in light of the comity between the United States of American and the Republic of Austria.

5. Plaintiffs commenced this action seeking recovery of twelve artworks ("the Artworks") by the artist Egon Schiele that were stolen by the Nazi regime from the Jewish cabaret artist Franz Friedrich "Fritz" Grünbaum while he was imprisoned in the Dachau Concentration Camp from 1938 until his death in 1941. Article 26 of the Austrian State Treaty of 1955 required --- and still requires --- Austria to return all property stolen from persons persecuted by the Nazis and forbids Austria from acquiring such property.

6. Plaintiffs commenced this action on December 15, 2022 by filing the Complaint (ECF 1) ("Cplt."). The Complaint alleges that two of the Artworks are in the possession of defendant Albertina Museum, an agency of the Republic of Austria, and alleges the remaining ten Artworks are in the possession of defendant Leopold Museum-Privatstiftung ("Leopold Museum Foundation"), a foundation owned and controlled by the Republic of Austria. [Cplt. at 9-11].

7. Plaintiffs request the Court issue a letter rogatory in order to effect service on the Albertina Museum. Plaintiffs originally attempted service on the Albertina Museum through the Ministry of Justice in Vienna. [ECF 24] (April 28, 2023 letter to this Court explaining prior attempts to serve three defendants). Thereafter, Plaintiffs' local counsel in Vienna advised that the Austrian Office for Public International Law of the Ministry of Exterior orally requested that service be made through diplomatic channels, rather than through the Ministry of Justice, on grounds that the Albertina Museum is an institution created by Austrian federal law.

8. Accordingly, on March 29, 2023, Plaintiffs initiated service on the Albertina Museum through diplomatic channels by sending the requisite copies and translations of allnecessary documents to the Clerk of the Court for the Southern District of New York for forwarding to the United States Department of State, Office of Policy and Interagency Liaison, for service upon the Albertina Museum at Albertinaplatz 1010, Vienna, Austria. On March 31, 2023 the office of the Clerk of the Court for the Southern District of New York transmitted those documents to the U.S. Department of State. [ECF Doc. 20].

9. According to a Note Verbal that was delivered to the United States Department of State on April 26, 2023, a copy of which was electronically filed in this action on May 5, 2023 at ECF Doc. 25, the Republic of Austria advised that "the Albertina Museum is a separate legal person which is owned by the Republic of Austria and acting as an organ on behalf of the Republic of Austria when carrying out its statutory mandate under the supervision of the Federal Ministry for Arts, Culture, Civil Service and Sport." The Note Verbal further stated that "the Albertina Museum is to be regarded as an agency or instrumentality of the Republic of Austria, as defined in § 1603(b) of the Foreign Sovereign Immunities Act (FSIA)." [*Id.*].

10. On July 17, 2023, the United States Department of State sent me, by email, a letter concerning Plaintiffs' March 29, 2023 request to the U.S. District Court for the Southern District of New York for service of process upon the Albertina Museum. I have annexed hereto as **Exhibit A** a true copy of the Department of State's letter. The Department of State's letter acknowledged receipt of Plaintiffs' prior request for service under 28 U.S.C. 1608(a)(4) (which pertains to service on a foreign state or political subdivision of a foreign state), but advised that service against the Albertina Museum should be effected pursuant to 28 U.S.C. 1608(b)(3)(A) (which pertains to service upon an agency or instrumentality of a foreign state).

11. The Department of State's letter advised that it may transmit letters rogatory to the Republic of Austria through diplomatic channels pursuant to 28 U.S.C. 1608(b)(3)(A) for service on an agency or instrumentality, however, the Department of State would need to receive the relevant letters rogatory issued by the Court and an accompanying cover letter setting forth the request.

12. Accordingly, given the prior positions taken by the Republic of Austria and advice of the United States Department of State, it appears that employing a letter rogatory addressed to the Appropriate Judicial Authority, Republic of Austria, requesting assistance with service of process, is the only way for Plaintiffs to effect service upon the Albertina Museum.

13. I have attached hereto as **Exhibit B** a proposed Letter Request for International Judicial Assistance (Letter Rogatory) asking the Appropriate Judicial Authority of the Republic of Austria to effect service of process upon defendant the Albertina Museum by delivering to the Albertina Museum the Summons, Complaint and all other documents my firm provided to the Clerk of this Court, and that the Clerk of this Court transmitted to the United States Department of State on March 31, 2023.

14. Plaintiffs submit this motion in good faith, solely for the purpose of serving process on the Albertina Museum.

15. Plaintiffs have made no previous application for the relief requested on this motion.

16. Plaintiffs believe the proposed Letter Rogatory is just and appropriate.

WHEREFORE Plaintiffs respectfully ask this Court to enter an order granting issuance of a Letter Rogatory to the Appropriate Judicial Authority having jurisdiction of civil cases in Vienna, Austria to serve process upon the Albertina Museum.

Dated: New York, New York
July 18, 2023

/s/ Claudia G. Jaffe_________