# KELLEY DRYE & WARREN LLP

NEW YORK, NY    WASHINGTON, DC    CHICAGO, IL    HOUSTON, TX
LOS ANGELES, CA    SAN DIEGO, CA    PARSIPPANY, NJ    STAMFORD, CT

**Genna S. Steinberg**
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel:  (212) 808-5082
Fax: (212) 808-7897
gsteinberg@kelleydrye.com

March 20, 2026

**BY ECF**
Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Reif, et al. v. Republic of Austria, et al.*, No. 22-cv-10625 (JGK)

Dear Judge Koeltl:

This firm is counsel for Plaintiffs Timothy Reif and David Fraenkel, co-trustees of the Leon Fischer Trust for the Life and Work of Fritz Grünbaum (the "Trust" and, collectively with Plaintiff Milos Vavra, "Plaintiffs"). We write on behalf of the Trust to submit new authority for the Court's consideration in connection with the pending motion to dismiss of Defendants the Republic of Austria, the Albertina Museum, and Leopold Museum-Privatstiftung (collectively, "Defendants"). *See* ECF 103-08.

On June 5, 2025, the United States Supreme Court issued a decision in *CC/Devas (Mauritius) Ltd. v. Antrix Corp.*, 605 U.S. 223 (2025), a copy of which is attached hereto as **Exhibit A**. On June 25, 2025, the United States Supreme Court issued a decision in *Fuld v. Palestine Liberation Org.*, 606 U.S. 1 (2025), a copy of which is attached hereto as **Exhibit B**. Both cases bear directly on issues raised in Defendants' motion to dismiss concerning this Court's personal jurisdiction over Albertina and Leopold.

## I.    *CC/Devas v. Antrix*

*CC/Devas* involved an action against Antrix Corporation Ltd. ("Antrix") to confirm an arbitration award in accordance with the Foreign Sovereign Immunity Act's ("FSIA") arbitration exception. Antrix is "an agency or instrumentality of a foreign state" under FSIA. *See Devas Multimedia Priv. Ltd. v. Antrix Corp.*, 2020 WL 6286813, at \*3 (W.D. Wash. Oct. 27, 2020). After the District Court confirmed the arbitration award, the Ninth Circuit reversed—holding that the District Court lacked personal jurisdiction over Antrix. The Ninth Circuit did not question that "Antrix is a 'foreign state,' service has been made, and an enumerated exception applies," as required to confer personal jurisdiction under Section 1330(b) of FSIA. 605 U.S. at 231. Yet the Ninth Circuit held that personal jurisdiction under FSIA also requires "minimum contacts" with the United States, which Antrix lacked. *Id.*

The Supreme Court reversed, holding that FSIA does *not* impose a minimum contacts requirement. Rather, the Court held that "[t]he most natural reading of § 1330(b) is that personal jurisdiction over a foreign sovereign is automatic whenever (1) an exception to immunity applies and (2) service of process has been accomplished." *Id.* at 232. The Court observed that "[n]otably absent from § 1330(b) is any reference to 'minimum contacts,'" and it "decline[d] to add in what Congress left out." *Id.* at 233.

Hon. John G. Koeltl
March 20, 2026

## II.    *Fuld v. Palestine*

Although *CC/Devas* holds that FSIA does not impose a minimum contacts requirement, the Court left open the question of whether "the Fifth Amendment itself requires a showing of minimum contacts." 605 U.S. at 237. The Court later answered that question in *Fuld*—holding that the Fifth Amendment does **not** require such a showing.

*Fuld* involved two consolidated actions under the Antiterrorism Act ("ATA") against the Palestine Liberation Organization ("PLO") and the Palestinian Authority ("PA"). 606 U.S. at 6. Both actions relied on the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA") as the basis for personal jurisdiction. *Id.* at 8. The PSJVTA provides that if the PLO and PA engage in certain specified conduct, they are deemed to have consented to personal jurisdiction in civil suits brought in the United States under the ATA. *Id.* The District Court held that an exercise of jurisdiction under the PSJVTA was unconstitutional, and the Second Circuit affirmed—holding that the PSJVTA's "factual predicates involve conduct insufficient to establish personal jurisdiction" because they do not require a showing of minimum contacts with the United States, as required to satisfy the Fifth Amendment. *Id.* at 10.

The Supreme Court reversed. It held that the Fifth Amendment does not impose a minimum contacts requirement, but rather "permits a more flexible jurisdictional inquiry commensurate with the Federal Government's broader sovereign authority." *Id.* at 16. Although the Court declined to "delineate the outer bounds" of the Fifth Amendment's due process requirements, it held that whatever those limits may be, "the PSJVTA does not transgress them" because it "ties federal jurisdiction to conduct closely related to the United States that implicates important foreign policy concerns." *Id.* at 18-19. The Court noted further that "in passing and signing the PSVJTA into law, Congress and the President made a considered judgment to subject the PLO and PA to liability in U.S. courts" under the ATA, and that their "coordinate action" on matters of foreign affairs "is supported by the strongest of presumptions and the widest latitude of judicial interpretation." *Id.*[1]

## III.    Application of *CC/Devas* and *Fuld* to Defendants' Motion to Dismiss

Defendants argue that this Court lacks personal jurisdiction over Albertina and Leopold because: (i) Plaintiffs purportedly fail to allege facts satisfying New York's long-arm statute; and (ii) an exercise of personal jurisdiction "would not comport with due process" under the Fourteenth Amendment, as Albertina and Leopold lack "minimum contacts" with New York. ECF 108 at 31-32.

---

[1] In *Fuld*, the Supreme Court further held that while the Fifth Amendment "might entail" a case-specific inquiry into the "reasonableness" of personal jurisdiction, the PSJVTA satisfies that standard because the United States has a "substantial interest" in "deter[ring] international terrorism," and because the defendants did not contend that litigating the action in the United States "would force them to bear an unfair or unmanageable burden." *Id.* Here, Defendants do not contend that exercising personal jurisdiction over Albertina and Leopold would be unreasonable or burdensome. In any event, as in *Fuld*, the United States' strong policy interest in Plaintiffs' claims—which seek to restitute Nazi-looted artwork—further supports a finding that any "reasonableness" requirement under the Fifth Amendment is satisfied here.

**KELLEY DRYE & WARREN LLP**                                                                         2

Hon. John G. Koeltl
March 20, 2026

As set forth in Plaintiffs' opposition, however, Albertina and Leopold are alter egos of Austria for purposes of FSIA, and are therefore subject to personal jurisdiction under Section 1330(b). ECF 117 at 29-34. In any event, even if New York's long-arm statute applies, which it does not, Plaintiffs allege facts satisfying CPLR 302(a), and CPLR 302(a) comports with the Fourteenth Amendment. *Id.*

The Supreme Court's decisions in *CC/Devas* and *Fuld* further undermine each of Defendants' arguments and support this Court's exercise of personal jurisdiction over Albertina and Leopold.

**First,** *CC/Devas* makes clear that Section 1330(b) of FSIA applies not only to foreign sovereigns and their alter egos, but also to their agencies and instrumentalities. Here, Albertina and Leopold are instrumentalities of Austria[2]; this Court has subject matter jurisdiction over Plaintiffs' claims under FSIA's waiver and expropriation exceptions; and Defendants were properly served—thereby satisfying Section 1330(b). Personal jurisdiction over Albertina and Leopold is therefore "automatic" under FSIA, further obviating any need to satisfy New York's long-arm statute or the Fourteenth Amendment.

**Second**, *CC/Devas* and *Fuld* establish that neither FSIA nor the Fifth Amendment requires satisfaction of the minimum contacts standard. Rather, the Fifth Amendment imposes a more flexible standard, which is satisfied where the federal statute that confers personal jurisdiction also "ties federal jurisdiction to conduct closely related to the United States that implicates important foreign policy concerns." *Fuld*, 606 U.S. at 19. Here, Defendants make no argument that exercising personal jurisdiction over Albertina and Leopold violates the Fifth Amendment. In any event, under *Fuld*, the Fifth Amendment is satisfied because FSIA's expropriation exception confers jurisdiction over foreign states only in limited circumstances implicating the interests of the United States—namely, where a foreign state waives immunity from suit in U.S. courts, or where a foreign state is holding property taken in violation of international law and is engaged in commercial activity in the United States. *See* 28 U.S.C. §§ 1605(a)(1), (a)(3). Claims under FSIA's waiver and expropriation exceptions also implicate important foreign policy considerations, such as the United States' interest in promoting international comity and in holding foreign states accountable for unlawful takings—including those committed in the Holocaust. Thus, FSIA reflects the considered judgment of the political branches to subject foreign states to liability in U.S. courts in certain circumstances, and that judgment should be afforded the "strongest of presumptions and the widest latitude of judicial interpretation." *Fuld*, 606 U.S. at 19.

The policy considerations that support FSIA's waiver and expropriation exceptions are especially strong here given that Plaintiffs seek to restitute artwork lost due to Nazi persecution. Our nation has enacted legislation to facilitate such claims precisely because of their implications on important domestic and foreign policy concerns. Most relevant, Congress enacted the HEAR Act in 2016 and renewed the Act in 2026 as part of a coordinated effort among the United States and other nations to enact policies and procedures to aid Holocaust victims and their families to recover Nazi-looted artwork. ECF 159-1; ECF 159-2. Conferring personal jurisdiction over Defendants pursuant to FSIA thus comports with the Fifth Amendment because Plaintiffs' claims raise significant domestic and foreign policy concerns.

---

[2] To the extent Leopold's status as an instrumentality is disputed, any such dispute should be resolved through jurisdictional discovery and is not a basis to dismiss Plaintiffs' claims. *See* ECF 119.

**KELLEY DRYE & WARREN LLP**                                                                                 3

Hon. John G. Koeltl
March 20, 2026

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Genna S. Steinberg*
Genna S. Steinberg


To:    All counsel of record (via ECF)