**KELLEY DRYE & WARREN LLP**

NEW YORK, NY    WASHINGTON, DC    CHICAGO, IL    HOUSTON, TX
LOS ANGELES, CA    SAN DIEGO, CA    PARSIPPANY, NJ    STAMFORD, CT

**Genna S. Steinberg**
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel:  (212) 808-5082
Fax: (212) 808-7897
gsteinberg@kelleydrye.com

April 16, 2026

**BY ECF**
Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Reif, et al. v. Republic of Austria, et al.*, No. 22-cv-10625 (JGK)

Dear Judge Koeltl:

This firm is counsel for Plaintiffs Timothy Reif and David Fraenkel, co-trustees of the Leon Fischer Trust for the Life and Work of Fritz Grünbaum (the "Trust" and, together with plaintiff Milos Vavra, "Plaintiffs"). We write in follow-up to the Trust's letter submitted on March 20, 2026, ECF 159, to advise the Court that the 2025 HEAR Act has been enacted into law. *See* Holocaust Expropriated Art Recovery Act of 2025, Pub. L. No. 119-82, 140 Stat. 752. As the Trust previously submitted, the 2025 HEAR Act bears on several arguments raised in Defendants' pending motion to dismiss. *See* ECF 159.

We write also in response to the letter filed by Defendants on March 25th that purports to address the impact of the 2025 HEAR Act on their motion to dismiss. ECF 162. Rather than limit their letter to that topic, Defendants raise new arguments in support of their motion that could—and should—have been raised in Defendants' briefs. Because "[a]rguments not raised in a party's brief are deemed waived," the Court should disregard Defendants' new arguments. *Ohr Somayach/Joseph Tanenbaum Educ. Ctr. v. Farleigh Int'l Ltd.*, 483 F. Supp. 3d 195, 206 n.6 (S.D.N.Y. 2020). Nonetheless, those new arguments are unsupported for the reasons discussed below.

**First**, Defendants improperly argue for the first time that the ***original*** HEAR Act's nationwide statute of limitations is unconstitutional. ECF 162 at 1. The HEAR Act's statute of limitations is central to Plaintiffs' claims and is at issue in Defendants' motion to dismiss. *See* ECF 108 at 37; ECF 117 at 27, 37; ECF 126 at 25. If Defendants wished to challenge this part of the HEAR Act as unconstitutional, they should have raised that argument in their briefing.

Controlling authority also refutes Defendants' new argument. In *Freier v. Westinghouse Elec. Corp.*, the Second Circuit held squarely that Congress has the authority to "simply extend a state limitations period," even absent a "federal law that preempts a state-law cause of action." 303 F.3d 176, 204 (2d Cir. 2002). Consistent with *Freier*, no court has questioned the HEAR Act's constitutionality. On the contrary, since its enactment in 2016, numerous courts have applied the HEAR Act's statute of limitations to state law claims to recover property lost due to Nazi persecution—including the Second Circuit in its decision reinstating the Trust's claims in a related action. *Reif v. Art Institute of Chicago*, 2025 WL 763424, *2-3 (2d Cir. Mar. 11, 2025); *see also Cassirer v. Thyssen-Bornemisza Collection Found.*, 862 F.3d 951, 960 (9th Cir. 2017); *de Csepel v. Republic of Hungary*, 613 F. Supp. 3d 255, 306

Hon. John G. Koeltl
April 16, 2026

(D.D.C. 2020), *aff'd*, 27 F.4th 736 (D.C. Cir. 2022).

Defendants nevertheless assert that the HEAR Act's statute of limitations is unconstitutional because Congress may not engraft its "***procedural*** preferences" into a state law cause of action "without a preemptive ***substantive*** federal cause of action." ECF 162 at 1 (emphasis in original). But Defendants do not cite a single case to support this blanket assertion—which is directly contrary to *Freier*.

Defendants' reliance on a single sentence in the concurrence in *Suesz v. Med-1 Sols., LLC*—an out-of-circuit case involving the Fair Debt Collection Practices Act—is misplaced. There, the concurrence noted that it is an "an open question whether Congress has the power to prescribe procedural rules for state-law claims in state court." 757 F.3d 636, 651 (7th Cir. 2014). This "question" not only is unanswered by *Suesz*, but also is irrelevant to this case. Plaintiffs seek to apply the HEAR Act to their claims in ***federal*** court, not state court. *Suesz* also involved a venue rule, not a statute of limitations. *Id.* at 651. Defendants incorrectly presuppose that, like the venue rule at issue in *Suesz*, statutes of limitation are "procedural rules"—but they are not. The U.S. Supreme Court recognized as much in *Jinks v. Richland Cnty., S.C.*, 538 U.S. 456, 464 (2003), where it held that a federal statute that tolled the limitations period of state law claims did not exceed Congress's powers. In reaching that conclusion, the court stated:

> Assuming for the sake of argument that a principled dichotomy can be drawn, for purposes of determining whether an Act of Congress is 'proper,' between federal laws that regulate state-court 'procedure' and laws that change the "substance" of state-law rights of action, ***we do not think that state-law limitations periods fall into the category of 'procedure' immune from congressional regulation***.

*Id.* (emphasis added). Thus, *Freier* and *Jinks* establish that Congress may regulate state limitations periods. A passing remark in an out-of-circuit concurrence about a venue provision holds no weight.

Similarly, Defendants' reliance on *New York v. United States* is misplaced. In *New York*, the court held that a federal statute was unconstitutional because it "commandeer[ed] the legislative processes of the States by directly compelling them to enact and enforce a federal regulatory program." 505 U.S. 144, 176 (1992). The HEAR Act does not compel States to enact or enforce federal regulation, nor do Defendants even contend as much.

**Second**, Defendants argue for the first time that Plaintiffs' claims are not covered by the HEAR Act at all because the claims do not concern property that was "lost … because of Nazi persecution" within the meaning of Section 5(a) of the HEAR Act. ECF 162 at 3. Defendants contend further that Plaintiffs are seeking to "transform the HEAR Act" into a "*de facto* decree of Nazi theft over all art transfers that occurred in Europe during World War II." *Id*.

Application of Section 5(a) of the HEAR Act to Plaintiffs' claims was squarely before the Court in connection with Defendants' motion to dismiss. Yet Defendants did not argue that the artworks at issue were not lost to Grünbaum—their only rightful owner—because of Nazi persecution. Instead, Defendants argued that the HEAR Act's ***exception*** in former Section 5(e) applies because Plaintiffs' allegedly had knowledge of their claims after January 1, 1999 and failed to timely assert them. ECF 108 at 37; ECF 126

**KELLEY DRYE & WARREN LLP**                                                                                                     2

Hon. John G. Koeltl
April 16, 2026

at 25. Moreover, in their reply brief, Defendants responded to Plaintiffs' position that the HEAR Act confers federal question jurisdiction *without* taking the position that the HEAR Act does not apply at all because Plaintiffs' claims do not concern property that was lost because of Nazi persecution. ECF 126 at 16-18. Defendants may not raise this belated argument now.

Defendants' position is, in any event, unsupported. Defendants argue that Plaintiffs allege only that a "transfer[] of art … occurred in Europe during the period of Nazi tyranny," not that such transfer was the result of "Nazi duress." ECF 162 at 3. In support, Defendants quote a district court decision that Defendants could have cited—but did not cite—in their motion to dismiss: *Zuckerman v. Metro. Museum of Art*, 307 F. Supp. 3d 304 (S.D.N.Y. 2018). The district court's decision in *Zuckerman* did not involve application of the HEAR Act, nor do Defendants cite any authority suggesting that a claimant must prove "Nazi duress" to invoke the HEAR Act. *Zuckerman* therefore has no bearing on whether Plaintiffs adequately allege that Grünbaum lost his artworks "because of Nazi persecution."

On top of that, Defendants do not explain how the concept of "duress" applies at all to this case. Duress assumes at least a façade of agency. To that point, in *Zuckerman*, the owner of artwork sold the artwork at a discount to fund his successful escape from the Nazis. 307 F. Supp. 3d at 308-14. The court held that duress had not been established because the owner "exercised his free will" in selling the artwork. *Id.* at 319. Grünbaum, in contrast, never sold or transferred his artworks. He could not do so, because he was arrested and murdered by the Nazis, and because his artworks were inventoried by the Nazis and deposited in a Nazi-controlled warehouse. Grünbaum lost his artworks because of Nazi persecution—as other courts have held. ECF 159 at 2 (citing *Nagy*). *Zuckerman* is inapposite, and Defendants' attempt to claim otherwise is tantamount to erasure.[1]

**Finally**, Defendants argue that the HEAR Act's "nationwide service of process" provision—which is contained only in the 2025 HEAR Act—is unconstitutional, relying exclusively on *Suesz* and *New York*. The Trust recognizes that this argument, while new, is not improperly raised given that the argument is based on the 2025 Act. That said, it is unsupported. Neither *Suesz* nor *New York* involves a nationwide service of process provision, nor does either case speak to Congress's authority to impose procedural rules on state law claims in *federal* court. Further still, there is no question that rules of federal procedure govern in federal courts. *See, e.g.*, *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 499 n.3 (S.D.N.Y. 2015). To the extent the Court wishes to consider this unsupported position, however, the Trust respectfully requests the opportunity to submit supplemental briefing on this newly raised issue.

For the foregoing reasons, the Trust respectfully requests that the Court disregard and/or reject the arguments discussed above. To the extent the Court intends to consider the argument regarding nationwide service of process, however, the Trust requests an opportunity to submit additional briefing.

---

[1] To the extent Defendants assert that *Zuckerman* supports their position that a "taking" did not occur for purposes of FSIA's expropriation exception, that argument too is belated and unsupported. *Zuckerman* did not involve FSIA, and therefore does not speak to the question of whether Plaintiffs adequately alleged a taking under FSIA. And in any event, *Zuckerman* is factually inapposite for reasons discussed above.

Hon. John G. Koeltl
April 16, 2026

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Genna S. Steinberg*
Genna S. Steinberg


To:     All counsel of record (via ECF)