# DUNNINGTON
## BARTHOLOW & MILLER LLP

ATTORNEYS AT LAW

230 Park Avenue, 21st Floor  |  New York, NY 10169  |  Telephone: 212.682.8811  |  www.dunnington.com  |  RDowd@dunnington.com

May 18, 2026

**VIA ECF**
Hon. John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 14A
New York, New York 10007-1312

> **Re:**   *Reif et al. v. Republic of Austria et al.,* Case no. 22 Civ. 10625 (JGK)

Dear Judge Koeltl,

We write on behalf of Plaintiff Milos Vavra ("Vavra") pursuant to the Court's May 12, 2026 Order [ECF 172] to assist the Court in resolving the question of whether issues related to control of this litigation brought on behalf of the Co-Heirs of Fritz Grünbaum against the Republic of Austria should be resolved in state or federal court, what the timing of any such determinations would be, and whether the necessary parties are before the Court.  On May 12, 2026, Kelley Drye, as counsel to Timothy Reif ("Reif") and David Fraenkel ("Fraenkel") represented that *Gruber and Nemec and Gruber GmbH d/b/a Büro Für Genealogie* ["BFG"] *v. Reif et al.* (Sup. Ct. N.Y. Co., Index No. 652944/2025) (the "State Action") has no bearing on the issue of who may represent Leon Fischer's interests in the estate of Fritz Grünbaum in this action. 5/12/2025 Tr. at 22:4 – 23:19. We respectfully disagree. The issue of who has the right to direct litigation and collect assets of Fritz Grünbaum's art collection is the heart of the State Action.

**Summary of Vavra's Position.**  Plaintiff Vavra's position is that he has contracts with BFG and with Dunnington that he wishes to enforce and respect. He consents to BFG acting on his behalf. He wishes to have BFG and Dunnington continue the joint representation of the community of heirs to seek recovery of Grünbaum's assets consistent with the contracts and consistent with

Hon. John G. Koeltl
May 18, 2026
Page 2

**DUNNINGTON**
BARTHOLOW & MILLER LLP

BFG's request for specific performance.   He has no objection to Reif and Vavra hiring additional lawyers at their own expense but does not wish to pay for them.  Vavra has respectfully declined repeated solicitations to pay hourly compensation to Kelley Drye and Dennis Glazer, another attorney engaged by Reif and Fraenkel.  Vavra does not wish to be liable for hourly fees and does not believe such expenditures to be reasonable or necessary.  Vavra has no objection to Dunnington continuing to receive comments or incorporating the research of Mr. Glazer and Kelley Drye to ensure joint representation of the heirs' interests. However, Vavra does not consent to Kelley Drye unilaterally speaking for the interests of Fritz Grünbaum's estate (in which he holds an undivided 50% interest). Vavra would like the present action to proceed expeditiously and has no objection to this Court resolving issues necessary to permit this action to proceed, under such conditions as the Court deems just.

**Nature of Proceedings in State Court.** To assist the Court's inquiry into whether the State Action has bearing on the present action and how to exercise its broad discretion in managing the proceedings before it, we respectfully submit materials from the State Action and a petition for pre-action disclosure in *Vavra v. Christie's, Inc.* (Sup. Ct. N.Y. Co. Index No. 160441/2025) (discussing Austrian inheritance law, certificates of heirship, community of heirs). [1] These

---

[1] *See* Exhibit A, Summons and Complaint; Exhibit B, Amended Verified Complaint with exhibits; Exhibit C, Reif and Fraenkel brief seeking dismissal;  Exhibit D, BFG opposition; Exhibit E, Reif and Fraenkel reply; Exhibit F, proposed Second Amended Verified Complaint ("SAC") (clean copy) with exhibits; Exhibit G, proposed SAC (redlined copy); Exhibit H,  March 5, 1999 Contract. *See also* Exhibit I, *Vavra v. Christie's, Inc.* Verified Petition for Pre-Action Disclosure.

Hon. John G. Koeltl
May 18, 2026
Page 3



DUNNINGTON
BARTHOLOW & MILLER LLP

materials should assist the Court in assessing the dispute between Gruber and BFG and Reif and Frankel over recovering Grünbaum's artworks.

BFG filed the State Action on May 13, 2025. On February 3, 2026, Justice Nancy Bannon heard argument on a motion to dismiss and cross-motion for leave to amend. The parties are awaiting a decision on the motions. Court-ordered discovery is underway.

We summarize the pleadings below for the Court's convenience, not to advocate the truth of the allegations. The State Action seeks three forms of relief. *First*, it seeks specific performance of a contract granting BFG Leon Fischer's right to sue and enforce claims as an heir of the Estate of Fritz Grünbaum and a 25% interest in Fischer's share of Grünbaum's Estate. Ex. B at 26 and ¶¶1-2, 117-139. *Second,* it seeks declaratory judgment that BFG holds (i) a valid and enforceable interest in the Grünbaum collection and the Estate of Leon Fischer, and (ii) full and exclusive authority to enforce the rights of the Grünbaum Estate by taking any and all lawful acts necessary to effect the recovery of artworks stolen from Grünbaum, including by choosing which attorneys will represent the Grünbaum Estate in any negotiation or litigation concerning the recovery of such artworks. Ex. B at 26 and ¶¶1-2, 109-126. *Third*, the Action alternatively asserts claims for breach of contract, breach of implied covenant of good faith and fair dealing, quantum meruit, unjust enrichment and injunctive relief.

BFG brought the State Action to enforce a March 5, 1999 contract (the "Contract") (Ex. H) executed by Fischer (the "Client") (then a New York resident) and by Genealogy Research Corp. ("GRC") (a genealogy firm in New York). The Contract concerns rights Fischer hoped to obtain in assets belonging to the late Fritz Grünbaum. It authorized GRC to do "any and all lawful acts required for said recovery as the Client could do if acting independently." Ex. H; Ex. B at 48.

Hon. John G. Koeltl
May 18, 2026
Page 4



The Contract states that it "shall be binding on GRC, its successors and assigns, and on the Client's heirs, successors and assigns." Ex. H; Ex. B, ¶24. In 2001, GRC assigned the Contract in writing to BFG. Ex. B at ¶ 29. The Contract became binding on Reif and Fraenkel after Fischer died and they became Co-Executors of his Estate and Co-Trustees of the Leon Fischer Trust. Ex B, ¶¶ 5-8. The Contract was executed after GRC contacted Fischer at BFG's request. Ex. B at ¶21. BFG sought to contact Fischer after learning that a 1963 certificate of inheritance previously awarded by a German court had been rescinded. Ex. B, ¶16, *citing Bakalar v. Vavra*, 819 F.Supp.2d 293 (S.D.N.Y. 2011). After learning of the rescission, BFG traced the Grünbaum family lineage and identified Fischer and Vavra as the rightful co-heirs. Under New York law, succession to a deceased person's personal property is governed by the law of the country where that person was domiciled. *In re Bulova's Will,* 14 A.D.2d 249, 254 (1st Dept. 1961). Because Grünbaum was a citizen of Austria and died intestate, in the Dachau Concentration Camp, Austrian inheritance law applies. Austrian inheritance law (the "ABGB" or Austrian Civil Code) requires a potential heir to apply for legal heirship through probate court proceedings. Under Austrian law, Fischer and Vavra each was eligible to become Grünbaum's legal heir and receive an undivided 50% share of Grünbaum's estate after probate proceedings in Austria. Ex. B, ¶18. BFG represented both Fischer and Vavra in obtaining the heirship certificates for Fischer and Vavra. Ex. B, ¶¶39-40, 59, 62.

The Contract was written to authorize GRC to try to prove Fischer had legal rights to assets belonging to the Grünbaum Estate, to recover those assets for the Grünbaum Estate, and compensate GRC with a percentage of the value of any assets recovered. Ex. H; Ex. B ¶22. Under the Contract, Fischer transferred to GRC his right to sue and enforce his interest in Grünbaum's art collection as a potential heir of the Grünbaum Estate. Ex. B, ¶48.

Hon. John G. Koeltl
May 18, 2026
Page 5

DUNNINGTON
BARTHOLOW & MILLER LLP

The Contract specifically authorized GRC to "do any and all lawful acts required for said recovery as the Client could do if acting independently." Ex. B, ¶48. The Contract required the Client to "cooperate fully with GRC and comply with all reasonable requests in fulfilling the requirements of the recovery." Ex. H. Fischer gave BFG a general power of attorney to take all steps deemed beneficial and necessary as to the recovery of the Grünbaum collection. Ex. B ¶51. BFG's complaint alleges the right to assert claims to the Grünbaum artwork is a chose in action that was transferred to BFG to secure payment for BFG's services, that it is a property right BFG now holds, and that the right is irrevocable. Ex. H, ¶¶, 51-55. Under Austrian law, a community of heirs in undivided joint property cannot act individually. Where there are multiple heirs, the community of heirs may appoint a sole legal representative to act on its behalf. Ex. B, ¶¶32-33. *See* Exhibit I, ¶¶ 11-12. Vavra entered into a contract with BFG similar to the Fischer contract. With those contracts, the co-heirs contracted to give BFG authority to act as the sole legal representative in seeking Grünbaum's assets. Ex. B, ¶¶34-37, 56.

**Conclusion.**  Vavra respectfully requests that this action proceed under such terms as the Court deems just.

Respectfully submitted,

/s/Raymond J. Dowd