**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TIMOTHY REIF, *et al.*,

        Plaintiff,

            v.

REPUBLIC OF AUSTRIA, *et al.*,

        Defendants.

Case No. 22 Civ. 10625 (JGK)

**UNITED STATES' ACKNOWLEDGMENT OF CONSTITUTIONAL**
**CHALLENGE AND NOTICE OF POTENTIAL PARTICIPATION**

The United States hereby acknowledges learning of the Amended Notice of

Constitutional Challenge ("Notice"), dated June 30, 2026, filed by the Republic of Austria and

the Albertina Museum (collectively, the "Defendants"). *See* ECF No. 193. In that Notice,

Defendants explained that their Combined Motion to Dismiss Plaintiff's Second Amended

Complaint, ECF No. 186, challenges the constitutionality of the Holocaust Expropriated Art

Recovery Act, as amended in 2025, *see* Pub. L. No. 119-82 & 22 U.S.C. § 2261 note (the

"HEAR Act"). The most recent amendments to the HEAR Act reflect the latest in a decades-

long bipartisan "sense of Congress that 'all governments should undertake good faith efforts to

facilitate the return of private and public property, such as works of art, to the rightful owners in

cases where assets were confiscated from the claimant during the period of Nazi rule and there is

reasonable proof that the claimant is the rightful owner.'" *See* Holocaust Expropriated Art

Recovery Act of 2016 § 2(4), Pub. L. No. 114–308, 130 Stat. 1524 (2016) (quoting the

Holocaust Victims Redress Act § 202, Pub. L. No. 105–158, 112 Stat. 15 (1998)).

The United States has a statutory right to intervene in any federal court action in which the constitutionality of an Act of Congress is "drawn into question." *See* 28 U.S.C. § 2403(a). This Court has not yet certified the constitutional question, *see* 28 U.S.C. § 2403; Fed. R. Civ. P. 5.1(b), but at a minimum, the United States has at least 60 days to intervene unless the court sets a later date. *See* Fed. R. Civ. P. 5.1(c).

Counsel for the United States respectfully advises the Court that, consistent with its usual approach, the United States is in the process of deciding whether to intervene in this action pursuant to Section 2304(a). The Solicitor General must approve intervention by the United States, *see* 28 C.F.R. § 0.21 ("The Solicitor General may in consultation with each agency or official concerned, authorize intervention by the Government in cases involving the constitutionality of acts of Congress"). Counsel for the United States require some additional time to familiarize themselves with the issues raised by the parties and because, among other things, the Notice recently came to the attention of the Department of Justice.

Therefore, the United States respectfully requests that the Court permit the United States to intervene within sixty days of the date of this Notice, *i.e.*, by October 6, 2026.

2

Dated: New York, New York
August 7, 2026

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney
Southern District of New York

By:      /s/ *Kamika S. Shaw*
RACHEL KROLL
KAMIKA S. SHAW
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212-637-2765/2768
Email:rachel.kroll@usdoj.gov
kamika.shaw@usdoj.gov

*Attorneys for the United States*